IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-40603
Conference Calendar
_____


PATRICK E. CONELY,

                                        Plaintiff-Appellant,

versus

DAYTON J. POPPELL;
GENERA RODRIGUEZ,

                                        Defendants-Appellees.


- - - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. G-93-CV-263
- - - - - - - - - - -
December 19, 1995
Before DAVIS, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

     This court must examine the basis of its jurisdiction on its

own motion if necessary.  Mosley v. Cozby, 813 F.2d 659, 660 (5th

Cir. 1987).  Rule 4(a)(1), Fed. R. App. P., requires that a

notice of appeal in a civil action be filed within 30 days of

entry of the judgment or order from which appeal is taken.  The

time limitation for filing a notice of appeal is jurisdictional,

     [*]     Local Rule 47.5.1 provides:  "The publication of
opinions that merely decide particular cases on the basis of
well-settled principles of law imposes needless expense on the
public and burdens on the legal profession."  Pursuant to that
Rule, the court has determined that this opinion should not be
published.

and the lack of a timely notice mandates dismissal of the appeal. Robbins v. Maggio, 750 F.2d 405, 408 (5th Cir. 1985).

In this civil rights action, the final judgment was entered on August 30, 1993; therefore, the final day for filing a timely notice of appeal was September 29, 1993. Conely's notice of appeal was stamped filed on July 10, 1995, and was thus untimely. We recognize that Conely is attempting to excuse the untimeliness of his notice of appeal, stating in it that he did not receive notice of the entry of judgment until June 29, 1995. Rule 4(a)(6), Fed. R. App. P., is the mechanism for a party to obtain relief if he has failed to receive notice of the entry of judgment in time to file a timely notice of appeal. See Fed. R. Civ. P. 77(d). It provides, in pertinent part, that, if the district court finds that a party entitled to a notice of the entry of judgment did not receive such notice within 21 days of its entry and no party would be prejudiced, the district court may reopen the time for appeal upon a motion filed within 180 days of the entry of judgment or within seven days of receipt of such notice, whichever is earlier. Conely did not avail himself of this remedy by filing a Rule 4(a)(6) motion in the district court. Further, even if Conely's notice of appeal were construed as such, it was not timely filed under Rule 4(a)(6). Accordingly, the appeal is DISMISSED. Conely's motion for either the appointment of counsel or the release of relevant documents pertaining to his case is DENIED as moot.